IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEGGY WALTON,

     Plaintiff,

v.                                                                        CIV No. 13-343 JB/SCY

RAY POWELL,

     Defendant.

**<u>PLAINTIFF'S REQUESTED JURY INSTRUCTIONS</u>**
**<u>(w/ Citations)</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEGGY WALTON,

     Plaintiff,

v.                                    CIV No. 13-343 JB/SCY

RAY POWELL,

     Defendant.

## **PRAECIPE**

     The Plaintiff, Peggy Walton, by and through her undersigned attorneys, hereby submits the following Instructions:

| Ins. No. | Title | Given | Refused | Modified | Withdrawn |
|---|---|---|---|---|---|
| 1 | Opening – province of the Court | | | | |
| 2 | Duty to follow instructions | | | | |
| 3 | Judges of the facts | | | | |
| 4 | All persons equal before the law—individuals | | | | |
| 5 | Burden of proof | | | | |
| 6 | Preponderance of evidence—definition | | | | |
| 7 | Elements | | | | |
| 8 | Direct and indirect evidence | | | | |
| 9 | Proof of intentional evidence | | | | |
| 10 | Motivating factor—definition | | | | |
| 11 | Other factors considered | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 12 | If political affiliation a motiving factor then jury must decide damages | | | | |
| 13 | Definition of evidence | | | | |
| 14 | Credibility of witnesses | | | | |
| 15 | Impeachment | | | | |
| 16 | Opinion testimony | | | | |
| 17 | Deposition testimony | | | | |
| 18 | Limited purpose | | | | |
| 19 | Proximate cause | | | | |
| 20 | Determine liability before damages | | | | |
| 21 | Recoverable damages | | | | |
| 22 | Punitive damages | | | | |
| 23 | Future interest | | | | |
| 24 | Mitigation | | | | |
| 25 | Nominal damages | | | | |
| 26 | All jurors are to participate | | | | |
| 27 | Closing arguments (modified) | | | | |
| 28 | Verdict-unanimous-duty to deliberate; faithful performance (modified) | | | | |
| 29 | Election of foreperson – general verdict; communications between court and jury during jury's deliberations; faithful performance; foreperson (modified) | | | | |
| | Jury Verdict Form UJI No. 13-2320 (modified) | | | | |

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 1**

MEMBERS OF THE JURY:

You have now heard all of the evidence in the case.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and determine what evidence is relevant under the law for your consideration.   It is also my duty at the end of the trial to instruct you on the law applicable to the case.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (OPENING – PROVINCE OF THE COURT)

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 2

The law of this case is contained in these instructions and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction, or part thereof, and disregarding others.

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. All instructions, whenever given and whether in writing or not, must be followed.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

UJI No. 13-2002 (modified)

4

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 3**

You, as jurors, are the judges of the facts.  But in determining what actually happened in the case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own idea or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

Given             _____
Denied            _____
Modified          _____
Withdrawn         _____

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (JUDGES OF THE FACTS)

5

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 4**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of, equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be treated as equals in a court of justice.

Given            _____
Denied           _____
Modified         _____
Withdrawn        _____

Authority:

3 O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u> § 103.11, ALL PERSONS EQUAL BEFORE THE LAW—INDIVIDUALS (5th ed. 2000)(modified)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (EQUAL STANDING)(modified)

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 5**

The plaintiff, Peggy Walton, has the burden of proving each and every element of the plaintiff's claim by a preponderance of the evidence.  If you find that plaintiff Walton has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Ray Powell.

Defendant Powell has the burden of proving each element of the defendant's affirmative defenses by a preponderance of the evidence.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

O'Malley, Grenig, Lee, <u>Federal Jury Practice & Instructions</u> §§ 171.60, 171.70 (modified)

UJI No. 13-3-4 (modified)

7

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 6**

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact is issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

O'Malley, Grenig, Lee, Federal Jury Practice & Instruction § 171.61

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 7**

In this civil action the plaintiff, Peggy Walton, claims that the defendant, Ray Powell, while acting "under color" of state law intentionally deprived Ms. Walton of her constitutional right to free speech by terminating her from her employment at the New Mexico State Land Office because of her political association with Patrick Lyons, a former Commissioner of Public Lands.

To succeed on her claim, Ms. Walton must prove each of the following facts by a preponderance of the evidence:

First:        Mr. Powell's actions were "under color" of state law;

Second:       Ms. Walton was politically affiliated with Patrick Lyons;

Third:        Mr. Powell terminated Ms. Walton's employment at the New Mexico State Land Office

Fourth:       Ms. Walton's political affiliation with Patrick Lyons was a substantial or motivating factor in Mr. Powell's decision to terminate Ms. Walton's employment.

Fifth:        Ms. Walton suffered damages because of Mr. Powell's acts.

For the first element, the parties have agreed that Mr. Powell acted "under color" of state law, so you should accept that as a proven fact.

For the second element, you must decide whether Peggy Walton was politically affiliated with Patrick Lyons.

For the third element, the parties have agreed that Mr. Powell made the decision to terminate Ms. Walton's employment at the New Mexico State Land Office, so you should accept that as a proven fact.

For the fourth element, you must decide whether Ms. Walton's political affiliation with Patrick Lyons was a substantial or motivating factor in Mr. Powell's decision to terminate Ms. Walton's employment.   Ms. Walton does not have to prove that her political affiliation with Patrick Lyons was the only reason for Ray Powell's decision to terminate her employment.   It is enough if Ms. Walton proves that her political affiliation with Patrick Lyons influenced Mr. Powell's decision.   If Plaintiff's political affiliation with Patrick Lyons made a difference in Mr. Powell's decision you may find that if was a motivating factor in the decision.

Mr. Powell denies that Ms. Walton's political affiliation with Patrick Lyons was a motivating factor in his decision to terminate Ms. Walton's employment.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

UJI No. 13-302A, B and C (modified)

*See* also 11th Cir. Pattern Jury Instruction 4.2 *Public Employee- First Amendment Claim-Discharge or Failure to Promote- Political Disloyalty or Key Employee*

*See* also 7th Cir. Pattern Jury Instruction 6.01 *Public Employee's First Amendment Retaliation Claim.*

*See* also 42 U.S.C. § 1983; and *Walton v.Powell, 821 F.3d 1204 (10th Cir. 2016)*

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 8**

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and indirect evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect" or "circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence.  Nor is a greater degree of certainty required of indirect evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.

Given            _____
Denied           _____
Modified         _____
Withdrawn        _____

Authority:

O'Malley, Grenig, Lee, Federal Jury Practice & Instruction § 171.46 (modified)

11

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 9**

Ms. Walton must show that Mr. Powell intentionally retaliated against plaintiff her.

However, Ms. Walton is not required to produce direct proof of intentional retaliation.

Intentional retaliation may be proven with indirect or circumstantial evidence.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

Devitt & Blackmer, <u>Federal Jury Practice & Instructions</u>, Vol. 3A § 103.17 (2000 pocket part)(modified)

O'Malley, Grenig, Lee, <u>Federal Jury Practice & Instructions</u>, § 171.26 (modified)

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 10

The term "motivating factor" means a consideration that moved defendant Ray Powell towards Mr. Powell's decision.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

O'Malley, Grenig, Lee, <u>Federal Jury Practice & Instruction</u> § 171.42

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 11

Ms. Walton is only required to show that her political affiliation with Patrick Lyons was a motivating factor in Mr. Powell's decision to terminate her employment.  In showing that her political affiliation with Patrick Lyons was a motivating factor, Ms. Walton is not required to prove that her political affiliation with Patrick Lyons was the sole motivation or even the primary motivation for Mr. Powell's decision.  Ms. Walton need only prove that her political affiliation with Patrick Lyons played a motivating part in Mr. Powell's decision even though other factors may also have motivated Mr. Powell.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

42 U.S.C. § 1983; and *Walton v.Powell, 821 F.3d 1204 (10th Cir. 2016)*

*Compare Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1213 (10th Cir. 2002).  Instruction No. 23 provided in pertinent part:

> In showing that plaintiff's opposition to sex discrimination or her filing of a charge of discrimination or a lawsuit was *a motivating factor or factors*, plaintiff is not required to prove that this opposition of the filing of a charge of discrimination or lawsuit [was] *the sole motivation or even the primary motivation* for defendant's decision.  The plaintiff need only prove that her opposition to sex discrimination or the filing of a charge of discrimination or lawsuit *played a part* in the defendant's decision, even though other factors may *also have motivated* the defendant.

*See also, Mason v. Okla. Turnpike Authority*, 115 F.3D 1442, 1454-1455 (10th Cir. 1999).

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 12

If you find that Mr. Powell's termination of Ms. Walton's employment was motivated by both her political affiliation with Patrick Lyons and lawful reasons, you must decide whether Ms. Walton is entitled to damages.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

O'Malley, Grenig, Lee, Federal Jury Practice & Instruction § 171.76 (modified);

See also Price Waterhouse v. Hopkins, 490 U.S. 228, 246, 109 S. Ct. 1775, 1788, 104 L. Ed. 2d 268 (1989) ("would have made the same decision" is "most appropriately deemed an affirmative defense: the plaintiff must persuade the factfinder on one point, and then the employer, if it wishes to prevail, must persuade it on another."

See also Bentley v. Cleveland Cty. Bd. of Cty. Comm'rs,  41 F.3d 600, 604 (10th Cir. 1994) ("Failure to plead an affirmative defense results in a waiver of that defense.")

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 13**

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.   The term "evidence" includes the sworn testimony of the witnesses and the exhibit admitted in the record.

Remember that any statements, objections or argument made by the lawyers are not evidence in the case.   The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.   In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience.   In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (DEFINITION OF EVIDENCE)

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 14

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true and accurate.

You are the sole judges of credibility or "believability" of each witness and the weight to be given to the witness' testimony.  In weighing the testimony of a witness you should consider the witness' relationship to the plaintiff or to the defendant; the witness' interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness' present testimony.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of the witnesses testifying as to the existence or nonexistence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Given            _____
Denied           _____
Modified         _____
Withdrawn        _____

Authority:

UJI No. 13-2003 (modified)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (CREDIBILITY OF WITNESSES)

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 15**

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (IMPEACHMENT)(modified)

18

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 16**

The rules of evidence do not ordinarily permit a witness to testify as to an opinion or conclusion.  An expert witness is an exception to this rule.  A witness who, by knowledge, skill, experience, training or education, has become an expert in any subject may be permitted to state an opinion as to that subject.

You should consider each expert opinion and the reasons stated for the opinion, giving them such weight as you think they deserve.  You may reject an opinion entirely if you conclude that it is unsound.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

UJI No. 13-213

19

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 17

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing.  This testimony is entitled to the same consideration that you give any other testimony at this trial.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (DEPOSITION TESTIMONY)

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 18**

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (LIMITED PURPOSE)

21

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 19**

A proximate cause of damages is that which in a natural and continuous sequence produces the damages, and without which the damages would not have occurred.  It need not be the only cause, nor the last nor nearest cause.  It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the damages.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

UJI No. 13-305 (modified)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (PROXIMATE CAUSE, GENERAL)

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 20

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (DETERMINE LIABILITY BEFORE DAMAGES)

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 21

If you should decide in favor of Ms. Walton on her claim of retaliation, then you must fix the amount of money damages that will reasonably and fairly compensate her for any of the following elements of damages proved by her by a preponderance of the evidence to have resulted from the wrongful conduct of Mr. Powell.

1.  The wages Ms. Walton would have earned during the period that she would have remained employed by the State of New Mexico had there been no wrongful discharge.

2.  The value of employment benefits, including vacation, sick leave, medical or health insurance and retirement or pension benefits taking into consideration any increases in salary and benefits, including retirement or pension benefits that Ms. Walton would have received had Mr. Powell not retaliated against her.

In addition, if you should decide in favor of the Ms. Walton, she is entitled to recover an amount of money that will reasonable and fairly compensate her for any emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses caused by the wrongful conduct of Mr. Powell.

Whether any of these elements of damages has been proved by the evidence is for you to determine.  Your verdict must be based upon proof, and not upon speculation, guess or conjecture.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, has not been proven by a preponderance of the evidence to occur in the future.

Further, sympathy for a person, or prejudice against any party, should not affect your verdict and is not a proper basis for determining damages.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

UJI No. 13-2310, 2311, 2312, and 2313; 42, U.S.C.A. § 1981a (B)(3)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (DAMAGES MUST BE REASONABLE)(modified)

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 22

In this case, Ms. Walton seeks to recover punitive damages from Mr. Powell. You may consider punitive damages only if you find that Ms. Walton should recover compensatory or nominal damages.

If you find that the conduct of Mr. Powell was malicious, willful, reckless, wanton, fraudulent or in bad faith, then you may award punitive damages against him.

Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful.

Willful conduct is the intentional doing of an act with knowledge that harm may result.

Reckless conduct is the intentional doing of an act with utter indifference to the consequences. When there is a high risk of danger, conduct that breaches the duty of care is more likely to demonstrate recklessness.

Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's rights.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses. The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature and enormity of the wrong and such aggravating and mitigating circumstances as may be shown. The property or wealth of the defendant is a legitimate factor for your consideration. The amount awarded, if any, must be reasonably related to the injury and to any damages given as compensation and not disproportionate to the circumstances.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

UJI Civil No. 13-1827 Punitive damages; direct and vicarious liability (modified).

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 23**

In fixing the amount you may award for damages arising in the future, you must reduce the total of such damages by making allowance for the fact that any award you might make would, if properly invested, earn interest.  You should, therefore, allow a reasonable discount for the earning power of such money and arrive at the present cash value of the total future damages, if any.

Damages for any future pain and suffering are not to be so reduced.

Given           _____
Denied          _____
Modified        _____
Withdrawn       _____

Authority:

UJI No. 13-1822

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (FUTURE INTEREST)

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 24

In fixing the amount of money which will reasonably and fairly compensate the plaintiff, you are to consider that one who is damaged must exercise ordinary care to minimize existing damages and to prevent further damages.  A plaintiff may not recover for losses which could have been prevented by reasonable efforts on her part.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (MITIGATION)(modified)

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 25**

If you find that Ms. Walton has established a right to recovery from Mr. Powell but that Ms. Walton has suffered no harm, insignificant harm, or damages that cannot be ascertained, you may award her nominal damages.  Nominal damages are a trivial sum of money, usually one cent or one dollar, awarded to a party who has established a right to recover but has not established that she is entitled to compensatory damages.

Given           _____
Denied          _____
Modified        _____
Withdrawn       _____

Authority:

UJI 13-1832

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 26

The jury acts as a body.  Therefore, on every question which you must answer, it is necessary that all jurors participate.  Before a question can be answered, all of you must agree upon the answer.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (ALL JURORS ARE TO PARTICIPATE)

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 27

After these instructions on the law governing the case, the lawyers may make closing arguments, or statements, on the evidence and the law.  These summaries can be of considerable assistance to you in arriving at your decision and you should consider them carefully.  You may give them such weight as you think proper.  However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of the trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given to you in these instructions.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

UJI No. 13-2007 (modified)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (CLOSING ARGUMENTS)

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 28

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.   In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts. Your sole duty is to seek the truth from the evidence in the case.

Given          _____
Denied         _____
Modified       _____
Withdrawn      _____

Authority:

O'Malley, Grenig, Lee, Federal Jury Practice and Instructions § 106.1, VERDICT-UNANIMOUS-DUTY TO DELIBERATE

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (FAITHFUL PERFORMANCE)(modified)

## PLAINTIFF'S REQUESTED INSTRUCTION NO. 29

Upon retiring to the jury room, the first thing you should do is select one of your number as a foreperson who will help to guide your deliberations and will speak for you here in the courtroom. In this case, a Special Verdict Form has been prepared for your convenience.

You will take the Court's instructions and the verdict form to the jury room. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form that sets forth the verdict upon which you unanimously agree, and then return with your verdict to the courtroom. If it becomes necessary during your deliberations to communicate with me, pass a note signed by your foreperson to the court security officer, who will bring it to my attention. No member of the jury should attempt to communicate with me by any means other than a signed writing, and I will not communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court. I will respond as promptly as possible, either in writing or by bringing you back in the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not reveal how the jury stands, numerically or otherwise, on the questions before you until after you have reached a unanimous verdict.

Faithful performance by you of your duties is vital to the administration of justice.

DATED at Albuquerque this _____ day of November, 2016.


_____
THE HONORABLE JAMES O. BROWNING
UNITED STATES DISTRICT JUDGE

Given           _____
Denied          _____
Modified        _____
Withdrawn       _____

Authority:

O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u> §§ 106.04, 106.8, ELECTION OF
FOREPERSON – GENERAL VERDICT
COMMUNICATIONS     BETWEEN     COURT     AND     JURY     DURING     JURY'S
DELIBERATIONS

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (FAITHFUL PERFORMANCE)
(modified)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (FOREPERSON)(modified)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEGGY WALTON,

     Plaintiff,

v.                                                                    CIV No. 13-343 JB/SCY

RAY POWELL,

     Defendant.

**<u>JURY VERDICT FORM</u>**

We find in favor of the Plaintiff, Peggy Walton and award damages as follows:

Damages for economic loss:        _____

Damages for emotional distress:    _____

Punitive Damages:               _____

Nominal Damages:             _____

TOTAL:

ALTERNATIVELY:

We find in favor of the Defendant Ray Powell:  _____

Dated this _____ day of November, 2016.

_____
FOREPERSON OF JURY

1

Given            _____
Denied           _____
Modified         _____
Withdrawn        _____

Authority:

UJI No. 13-2320 MODIFIED and SEE MEDLOCK V. ORTHO BIOTECH, INC., 164 F.3D
545, 553 (10TH CIR. 1999)

O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instruction</u>, No. 171.101