**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 18 2016

MATTHEW J. DYKMAN
CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PEGGY WALTON,

      Plaintiff,

vs.                                        No. CIV 13-0343 JB/KBM

NEW MEXICO STATE LAND OFFICE
RAY POWELL, DONALD BRITT and
DELMA BEARDON,

      Defendants.

**COURT'S FINAL JURY INSTRUCTIONS**
(with citations)

## INSTRUCTION NO. 1

MEMBERS OF THE JURY:

You have now heard all of the evidence in the case.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and determine what evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 1, Title: Opening -- province of the Court, at 1, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 1**, at 3, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 1, Title: Opening -- province of the Court, at 2, **JURY INSTRUCTION NO. ___**, at 6, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 1 (Stipulated)

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (OPENING – PROVINCE OF THE COURT)

## INSTRUCTION NO. 2

The law of this case is contained in these instructions and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction, or part thereof, and disregarding others.

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. All instructions, whenever given and whether in writing or not, must be followed.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 2, Title: Duty to follow instructions, at 1, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 2**, at 4, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 2, Title: UJI No. 13-2002 (modified), at 2, **JURY INSTRUCTION NO. ___**, at 7, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 2 (Stipulated)

Authority:

UJI No. 13-2002 (modified)

## INSTRUCTION NO. 3

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of, equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be treated as equals in a court of justice.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 4, Title: All persons equal before the law – individuals, at 2, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 4**, at 7, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 4, Title: UJI No. 13-114 (modified), at 2, **JURY INSTRUCTION NO. ___**, at 9, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 4 (Replaces Plaintiff's No. 4)

NEW MEXICO UJI CIVIL 13-114 (as modified)

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS (Doc. 139)**, ¶ 1, at 1, filed November 9, 2016 (Doc. 146)("DRI No. 4 -- Plaintiff objects because UJI 13-114 is intended  for use when a corporation or legal entity is a party.  Both parties are individuals and are entitled to equal 'fair and impartial' treatment. PRI No. 4 accurately states this.")

Authority:

3 O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u> § 103.11, ALL PERSONS EQUAL BEFORE THE LAW -- INDIVIDUALS (5th ed. 2000)(modified)

Hon.   Bruce   D.   Black,   United   States   District   Judge's   Stand.   Civ.   (EQUAL STANDING)(modified)

## INSTRUCTION NO. 4

The plaintiff, Peggy Walton, has the burden of proving each and every element of her claim by a preponderance of the evidence.  If you find that Ms. Walton has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Ray Powell.

Mr. Powell has the burden of proving each element of his affirmative defenses by a preponderance of the evidence.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 5, Title: Burden of Proof, at 2, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 5,** at 8, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS,** Ins. No. 5, Title: UJI No. 13-3-4 (modified) O'Malley, Grenig, Lee, Federal Jury Practice & Instructions §§ 171.60, 171.70 (modified), at 2, **JURY INSTRUCTION NO. ___,** at 10, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 5 (Stipulated)

Authority:

O'Malley, Grenig, Lee, Federal Jury Practice & Instructions §§ 171.60, 171.70 (modified)

UJI No. 13-3-4 (modified)

## INSTRUCTION NO. 5

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 6, Title: Preponderance of evidence – definition, at 2, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 6**, at 9, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 6, Title: UJI 13-304 (modified), at 2, **JURY INSTRUCTION NO. ___**, at 11, filed November 7, 2016 (Doc. 139)(modified)

New Mexico UJI Civil 13-304 (modified)(modified)

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS (Doc. 139)**, ¶2, at 1, filed November 9, 2016 (Doc. 146) ("DRI No. 6 -- Plaintiff objects because submitted PRI accurately describes the preponderance of evidence standard, and has been used by the Court properly.")

Authority:

O'Malley, Grenig, Lee, Federal Jury Practice & Instruction § 171.61

## INSTRUCTION NO. 6

You, as jurors, are the judges of the facts.  But in determining what actually happened in the case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own idea or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 3, Title: Judges of the facts, at 1, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 3**, at 6, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 3, Title: Judges of the facts, at 2, **JURY INSTRUCTION NO. ___**, at 3, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 3 (Stipulated)

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (JUDGES OF THE FACTS)

## INSTRUCTION NO. 7

Generally speaking, there are two types of evidence that are generally presented during a trial -- direct evidence and indirect evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect" or "circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence. Nor is a greater degree of certainty required of indirect evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 8, Title: Direct and indirect evidence, at 2. **PLAINTIFF'S REQUESTED INSTRUCTION NO. 8**, at 12, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 13, Title: Circumstantial v. Direct Evidence, at 1, 2, 3, **JURY INSTRUCTION NO. ___**, at 12, filed November 7, 2016 (Doc. 139)(modified)

Defendant's Requested Jury Instruction No. 13 (Replacing Plaintiff's No. 8)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (CIRCUMSTANTIAL V. DIRECT EVIDENCE)

Authority:

O'Malley, Grenig, Lee, Federal Jury Practice & Instruction § 171.46 (modified)

## INSTRUCTION NO. 8

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or argument made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 13, Title: Definition of evidence, at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 13**, at 16, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 17, Title: Definition of Evidence, at 1, 2, 4, **JURY INSTRUCTION NO. ___**, at 23, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 17 (Stipulation to Plaintiff's No. 13)

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (DEFINITION OF EVIDENCE)

## INSTRUCTION NO. 9

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true and accurate.

You are the sole judges of credibility or "believability" of each witness and the weight to be given to the witness' testimony.  In weighing the testimony of a witness you should consider the witness' relationship to Ms. Walton or to Mr. Powell; the witness' interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness' present testimony.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of the witnesses testifying as to the existence or nonexistence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 14, Title: Credibility of witnesses, at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 14**, at 18, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 18, Title: UJI No. 13-2003 (modified) Credibility of Witnesses, **JURY INSTRUCTION NO. ___**, at 17, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 18 (Stipulated to Plaintiff's No. 14)

Authority:

UJI No. 13-2003 (modified)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (CREDIBILITY OF WITNESSES)

## INSTRUCTION NO. 10

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 15, Title: Impeachment, at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 15**, at 18, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 19, Title: Impeachment (modified), at 1, 2, 4, **JURY INSTRUCTION NO. ___**, at 20, filed November 7, 2016 (Doc. 139)(modified)

Defendant's Requested Jury Instruction No. 19 (Replacing Plaintiff's No. 15)

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (IMPEACHMENT)(modified)

## INSTRUCTION NO. 11

The rules of evidence do not ordinarily permit a witness to testify as to an opinion or conclusion.  An expert witness is an exception to this rule.  A witness who, by knowledge, skill, experience, training or education, has become an expert in any subject may be permitted to state an opinion as to that subject.

You should consider each expert opinion and the reasons stated for the opinion, giving them such weight as you think they deserve.  You may reject an opinion entirely if you conclude that it is unsound.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 16, Title: Opinion Testimony, at 1 ,2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 16,** at 20, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS,** Ins. No. 20, Title: UJI No. 13-213, at 1, 2, 4, **JURY INSTRUCTION NO. ___,** at 26, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 20 (Stipulation to Plaintiff's No. 16)

Authority:

UJI No. 13-213

## INSTRUCTION NO. 12

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing. This testimony is entitled to the same consideration that you give any other testimony at this trial.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 17, Title: Deposition testimony, at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 17**, at 21, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 21, Title: Deposition Testimony, at 1, 2, 4, **JURY INSTRUCTION NO. ___**, at 27, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 21 (Stipulation to Plaintiff's No. 17)

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (DEPOSITION TESTIMONY)

## INSTRUCTION NO. 13

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 18, Title: Limited purpose, at 1, 2, 3,  **PLAINTIFF'S REQUESTED INSTRUCTION NO. 18**, at 22, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 23, Title: Limited Purpose, at 1, 2, 4, **JURY INSTRUCTION NO. ___**, at 29, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 23 (Stipulation to Plaintiff's No. 18)

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (LIMITED PURPOSE)

## INSTRUCTION NO. 14

Ms. Walton claims that Mr. Powell, while acting "under color of state law," intentionally deprived her of rights under the Constitution of the United States.

Ms. Walton claims that while Mr. Powell was acting under color of the State of New Mexico as New Mexico State Land Commissioner, he intentionally deprived Ms. Walton of her constitutional rights.   Ms. Walton claims that when Mr. Powell eliminated Ms. Walton's employment at the New Mexico State Land Office through the implementation of a reduction in force, Mr. Powell deprived her of her rights under the First Amendment of the Constitution.

The First Amendment of the Constitution of the United States gives every citizen the right to freedom of speech, which includes the right to associate politically with others.

Ms. Walton may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates her rights under the Constitution of the United States.

To succeed on her claim, Ms. Walton must prove each of the following facts by a preponderance of the evidence:

First:    That Mr. Powell's actions were "under color" of state law;

Second:    That Ms. Walton was politically associated with Mr. Lyons or with his Administration;

Third:    That Mr. Powell eliminated Ms. Walton's employment at the New Mexico State Land Office through the implementation of a reduction in force;

Fourth:    That Ms. Walton's political association with Mr. Lyons was a substantial motivating factor in Mr. Powell's decision to eliminate Ms. Walton's employment through the implementation of a reduction in force;

Fifth:        That Ms. Walton suffered damages because of Mr. Powell's acts and the

reduction in force at the New Mexico State Land Office.

For the first element, Ms. Walton and Mr. Powell agree that Mr. Powell acted "under color" of state law, so you should accept that as a proven fact.

To prove that her political association was a substantial or motivating factor in Mr. Powell's decision to eliminate her General Manager I position, a "substantial" factor is the same as a "motivating" factor.   Political association need not be the only factor to be a substantial motivating factor.   Ms. Walton is not required to show that, but for her political association, Mr. Powell's action in eliminating her position would not have occurred.   Ms. Walton need only prove that the speech activities were a substantial consideration that made a difference in or influenced Mr. Powell's decision.

Ms. Walton must also prove by a preponderance of the evidence that the act or failure to act by Mr. Powell was a cause-in-fact of the damage Ms. Walton suffered.   An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. Ms. Walton must also prove by a preponderance of the evidence that the act or failure to act by Mr. Powell was a proximate cause of the damage Ms. Walton suffered.   An act or omission is a proximate cause of Ms. Walton's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you find that Ms. Walton has established each element of her claim, you must then decide whether Mr. Powell has shown by a preponderance of the evidence that he would have eliminated Ms. Walton's position for other reasons even if Ms. Walton had not exercised her

protected speech activity.  If you find that Mr. Powell would have eliminated Ms. Walton's

position for reasons apart from the speech activity, then your verdict should be for Mr. Powell.

If you find for Ms. Walton and against Mr. Powell on Mr. Powell's defense, you must

then decide the issues of Ms. Walton's damages.


**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 7, Title: Elements, at 2, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 7**, at 10-11, filed November 7, 2016 (Doc. 141)

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 9, Title: Proof of intentional evidence, at 1, 2, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 9**, at 13, filed November 7, 2016 (Doc. 141)

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 10, Title: Motivating factor -- definition, at 1, 2, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 10**, at 14, filed November 7, 2016 (Doc. 141)(modified)

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 11, Title: Other factors considered, at 1, 2, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 11**, at 15, filed November 7, 2016 (Doc. 141)(modified)

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 12, Title: If political affiliation a motivating factor then jury must decide damages, at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 12**, at 16, filed November 7, 2016 (Doc. 141)(modified)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS,** Ins. No. 7, Title: UJI No. 13-320 (modified), 42 U.S.C. § 1983, *Walton v. Powell*, 831 F.3d 1204 (10th Cir. 2016); *Couch v. Board of Trustees of Memorial Hospital*, 587 F.3d 1223, 1236 (10th Cir. 2009); *Maestas v. Segura*, 416 F.3d 1182, 1188 (10th Cir. 2005), at 2, **JURY INSTRUCTION NO. ___**, at 12-13, filed November 7, 2016 (Doc. 139)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS,** Ins. No. 8, Title: *Maestas v. Segura*, 416 F.3d 1182, 1188 (10th Cir. 2005), at 1, 2, **JURY INSTRUCTION NO. ___**, at 14, filed November 7, 2016 (Doc. 139)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS,** Ins. No. 11, Title: *Beaird v. Seagate Technology, Inc.*, 145 F. 3d 1159, 1168 (10th Cir. 1998); *Pippin v. Burlington Resources*

*Oil & Gas Co.*, 440 F. 3d 1186, 1193 (10th Cir. 2006), at 1, 2, 3, **JURY INSTRUCTION NO. ___**, at 14, filed November 7, 2015 (Doc. 139)(modified)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS** Ins. No. 12, Title: *Moongate Water Co., Inc. v. State*, 120 N.M. 399, 902 P. 2d 554 (Ct. App. 1995); *Beaird v. Seagate Technology, Inc.*, 145 F. 3d 1159, 1169 (10th Cir. 1998); *Considine v. Newspaper Agency Corp.*, 43 F.3d 1349, 1363 (10th Cir. 1994); *Cone v. Longmont United Hosp. Ass'n*, 14 F. 3d 526, 530 (10th Cir. 1994); *Rivera v. City and County of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004), at 1, 2, 3, **JURY INSTRUCTION NO. ___**, at 18, filed November 7, 2016 (Doc. 139)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS** Ins. No. 14, Title: Devitt & Blackmer, Federal Jury Practice & Instructions, Vol. 3A § 103.17 (2000 pocket part)(modified); O'Malley, Grenig, Lee, Federal Jury Practice & Instructions, § 171.26 (modified), at 1, 2, 4, **JURY INSTRUCTION NO. ___**, at 20, filed November 7, 2016 (Doc. 139)(modified)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS** Ins. No. 11, Title: *Beaird v. Seagate Techs, Inc.*, 145 F.3d 1159, 1168 (10th Cir. 1998); *Pipping v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186, 1193 (10th Cir. 2006), at 1, 2, 3, **JURY INSTRUCTION NO. ___**, at 17, filed November 7, 2016 (Doc. 139)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS** Ins. No. 12, Title: *Moongate Water Co. v. State*, 120 N.M. 399, 902 P.2d 554 (Ct. App. 1995); **JURY INSTRUCTION NO. ___**, at ___, filed November 7, 2016 (Doc. 139)

**DEFENDANT'S SUPPLEMENTAL REQUESTED JURY INSTRUCTIONS (w/Citations), JURY INSTRUCTION No. __**, at 1, 2, filed November 14, 2016 (Doc. 152)(modified)

Defendant's Requested Jury Instruction No. 7 (Replaces Plaintiff's No. 7)

Defendant's Requested Jury Instruction No. 8

Defendant's Requested Jury Instruction No. 11

Defendant's Requested Jury Instruction No. 12

Defendant's Requested Jury Instruction No. 14 (Plaintiff's No. 9)

Authority:

Devitt & Blackmer, Federal Jury Practice & Instructions, Vol. 3A § 103.17 (2000 pocket part)(modified)

O'Malley, Grenig, Lee, <u>Federal Jury Practice & Instructions</u> § 171.26 (modified)

O'Malley, Grenig, Lee, <u>Federal Jury Practice & Instructions</u> § 171.42

O'Malley, Grenig, Lee, <u>Federal Jury Practice & Instructions</u> § 171.76 (modified)

UJI 13-320 (modified)

42 U.S.C. § 1983

<u>Walton v. Powell</u>, 821 F.3d 1204, 1211 (10th Cir. 2016)

<u>Couch v. Board of Trustees of Memorial Hospital</u>, 587 F.3d 1223, 1236 (10th Cir. 2009)

<u>Maestas v. Segura</u>, 416 F.3d 1182, 1188 (10th Cir. 2005)

<u>Mt. Health Cty. Sch. Dist. v. Doyle</u>, 429 U.S. 274, 287 (1977)

<u>Lobato v. N.M. Envir. Dept.</u>, 838 F.Supp. 2d 1213 (D.N.M. 2011)

*Compare Davey v. Lockheed Martin Corp.,* 301 F.3d 1204, 1213 (10th Cir. 2002).   Instruction No. 23 provided in pertinent part:

> In showing that plaintiff's opposition to sex discrimination or her filing of a charge of discrimination or a lawsuit was *a motivating factor or factors,* plaintiff is not required to prove that this opposition of the filing of a charge of discrimination or lawsuit [was] *the sole motivation or even the primary motivation* for defendant's decision.  The plaintiff need only prove that her opposition to sex discrimination or the filing of a charge of discrimination or lawsuit *played a part* in the defendant's decision, even though other factors may *also have motivated* the defendant.

*See also, Mason v. Okla. Turnpike* Authority, 115 F.3D 1442, 1454-1455 (10th Cir. 1999)

*See also Price Waterhouse v. Hopkins*, 490 U.S. 228, 246, 109 S. Ct. 19775, 1788, 104 L. Ed. 2d 268 (1989)("would have made the same decision" is "most appropriately deemed an affirmative defense: the plaintiff must persuade the factfinder on one point, and then the employer, if it wishes to prevail, must persuade it on another."

*See also Bentley v. Cleveland Cty. Bd. of Cty. Comm'rs,* 41 F.3d 600, 604, (10th Cir. 1994) ("Failure to plead an affirmative defense results in a waiver of that defense.")

*Beaird v. Seagate Techs, Inc.,* 145 F.3d 1159, 1168 (10th Cir. 1998)

*Pipping v. Burlington Resources Oil & Gas Co.,* 440 F.3d 1186, 1193 (10th Cir. 2006)

*Moongate Water Co. v. State*, 120 N.M. 399, 902 P.2d 554 (Ct. App. 1995)

*Considine v. Newspaper Agency Corp.*, 43 F.3d 1349, 1363 (10th Cir. 1994)

*Cone v. Longmont United Hosp. Ass'n*, 14 F. 3d 526, 530 (10th Cir. 1994)

*Rivera v. City and County of Denver*, 365 F. 3d 912, 924-25 (10th Cir. 2004)

**PLAINTIFF'S OBJECTION TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS (Doc. 139)** ¶ 3, at 1-2, filed November 9, 2016 (Doc. 146) ("DRI No. 7-Plaintiff objects because:

A. DRI No. 7 misleadingly and confusingly implies that the New Mexico legislature mandated the elimination of Plaintiff's General Manage I position, and that Defendant approved the elimination of Plaintiff's position because a legislative mandate required that he do so. In fact the legislature passed a budget bill by which the State Land Office's budget was reduced by two "FTE's". The legislature did not mandate the elimination of Plaintiff's position.

B. DRI No. 7 uses the phrase 'substantial motivating factor' instead of the correct phase, which is 'substantial or motivating factor.'  See *Walton v. Powell*, 831 F.3d 1204 (10th Cir. 2016).

C. DRI No. 7 does not include a statement that Plaintiff does not have to prove that her political association was the only reason for Defendant's decision to terminate her employment, but is required to prove that her political affiliation was a substantial or motivating factor.

Plaintiff has tendered PRI No. 7 and respectfully requests the court to use that instruction.")

Authority:

UJI No. 13-302A, B and C (modified)

*See* also 11th Cir. Pattern Jury Instruction 4.2 *Public Employee- First Amendment Claim-Discharge or Failure to Promote- Political Disloyalty or Key Employee*

*See* also 7th Cir. Pattern Jury Instruction 6.01 *Public Employee's First Amendment Retaliation Claim.*

*See* also 42 U.S.C. § 1983; and *Walton v. Powell, 821 F.3d 1204 (10th Cir. 2016)*

## INSTRUCTION NO. 15

In order to establish her claim that she was politically associated with Mr. Lyons or his administration, Ms. Walton must show that her conduct forming the basis of this association involves a matter of "public concern."

In order to establish that the conduct of Ms. Walton was a matter of public concern, she must establish that her activity was "subject of legitimate news interest" or "a subject of general interest and of value and concern to the public."  Stated otherwise, Ms. Walton's conduct must be the sort of activity someone might pursue in her capacity as a citizen as opposed to the sort of activity she might pursue in her capacity as an employee advancing a personnel grievance.

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS,** Ins. No. 9, Title: *Walton v. Powell,* 821 F.3d 1204, 1213 (10th Cir. 2016), at 1, 2, 3, **JURY INSTRUCTION NO. ___,** at 15, filed November 7, 2016 (Doc. 139)(modified)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS,** Ins. No. 10, Title: *Walton v. Powell,* 821 F.3d 1204, 1213 (10th Cir. 2016), at 1, 2, 3, **JURY INSTRUCTION NO. ___,** at 16, filed November 7, 2016 (Doc. 139)(modified)

Defendant's Requested Jury Instruction No. 9

Defendant's Requested Jury Instruction No. 10

*Walton v. Powell,* 821 F.3d 1204, 1213 (10th Cir. 2016)

## INSTRUCTION NO. 16

A proximate cause of damages is that which in a natural and continuous sequence produces the damages, and without which the damages would not have occurred.  It need not be the only cause, nor the last nor nearest cause.  It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the damages.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 19, Title: Proximate cause, at 1, 2, 3 **PLAINTIFF'S REQUESTED INSTRUCTION NO. 19**, at 23, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 24, Title: UJI No. 13-305 (modified) Proximate Cause, General, at 1, 2, 4, **JURY INSTRUCTION NO. ___**, at 30, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 20 (Stipulation to Plaintiff's No. 19)

Authority:

UJI No. 13-305 (modified)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (PROXIMATE CAUSE, GENERAL)

## INSTRUCTION NO. 17

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 20, Title: Determine liability before damages, at 1, 2, 3 **PLAINTIFF'S REQUESTED INSTRUCTION NO. 20**, at 24, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS** Ins. No. 25, Title: Determine Liability Before Damages, at 1, 2, 4, **JURY INSTRUCTION NO. ___**, at 31, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 25 (Stipulation to Plaintiff's No. 20)

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (DETERMINE LIABILITY BEFORE DAMAGES)

## INSTRUCTION NO. 18

If you should decide in favor of Ms. Walton on her claim of retaliation, then you must fix the amount of money damages that will reasonably and fairly compensate her for any of the following elements of damages proved by her by a preponderance of the evidence to have resulted from the wrongful conduct of Mr. Powell.

1. The wages Ms. Walton would have earned during the period that she would have remained employed by the State of New Mexico had there been no wrongful discharge.

2. The value of employment benefits, including vacation, sick leave, medical or health insurance and retirement or pension benefits taking into consideration any increases in salary and benefits, including retirement or pension benefits that Ms. Walton would have received had Mr. Powell not retaliated against her. However, Mr. Powell is entitled to offsets from the award for those amounts actually earned by Ms. Walton since the elimination of her position.

In addition, if you should decide in favor of Ms. Walton, she is entitled to recover an amount of money that will reasonably and fairly compensate her for any emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses caused by the wrongful conduct of Mr. Powell.

Whether any of these elements of damages has been proved by the evidence is for you to determine. Your verdict must be based upon proof, and not upon speculation, guess or conjecture. So, you are not to include in any verdict compensation for any prospective loss which, although possible, has not been proven by a preponderance of the evidence to occur in the future.

Further, sympathy for a person, or prejudice against any party, should not affect your verdict and is not a proper basis for determining damages.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 21, Title: Recoverable damages, at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 21**, at 25, filed November 7, 2016 (Doc. 141)(modified)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS** Ins. No. 26, Title: UJI No. 13-2310, 2311, 2312, and 2313; 42 U.S.C.A. § 1981a(B)(3) Damages Must Be Reasonable (modified), *Wulf v. City of Wichita,* 883 F.2d 842, 871-76 (10th Cir. 1989), at 1, 2, 4, **JURY INSTRUCTION NO. ___**, at 32-33, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 26 (Replacing Plaintiff's No. 21)

Authority:

UJI No. 13-2310, 2311, 2312, and 2313; 42, U.S.C.A. § 1981a (B)(3)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (DAMAGES MUST BE REASONABLE)(modified)

*Wulf v. City of Wichita,* 883 F.2d 842, 871-76 (10th Cir. 1989)

## INSTRUCTION NO. 19

In fixing the amount you may award for damages arising in the future, you must reduce the total of such damages by making allowance for the fact that any award you might make would, if properly invested, earn interest.  You should, therefore, allow a reasonable discount for the earning power of such money and arrive at the present cash value of the total future damages, if any.

Damages for any future pain and suffering are not to be so reduced.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 23, Title: Future interest, at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 23**, at 29, filed November 7, 2016 (Doc. 141)

Authority:

UJI No. 13-1822

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (FUTURE INTEREST)

## INSTRUCTION NO. 20

In fixing the amount of money which will reasonably and fairly compensate Ms. Walton, you are to consider that one who is damaged must exercise ordinary care to minimize existing damages and to prevent further damages.  Ms. Walton may not recover for losses which could have been prevented by reasonable efforts on her part.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 24, Title: Mitigation, at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 24**, at 30, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 28, Title: Mitigation (modified), at 1, 2, 5, **JURY INSTRUCTION NO. ___**, at 35, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 28 (Stipulation to Plaintiff's No. 24)

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (MITIGATION)(modified)

**INSTRUCTION NO. 21**

If you find that Ms. Walton has established a right to recovery from Mr. Powell but that Ms. Walton has suffered no harm, insignificant harm, or damages that cannot be ascertained, you must award her nominal damages.  Nominal damages are a trivial sum of money, usually one cent or one dollar, awarded to a party who has established a right to recover but has not established that she is entitled to compensatory damages.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 25, Title: Nominal damages, at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 25**, at 31, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 29, at 1, 2, 5, **JURY INSTRUCTION NO. ___**, at 36, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 29 (Stipulation to Plaintiff's No. 25)

Authority:

UJI 13-1832

### INSTRUCTION NO. 22

In this case, Ms. Walton seeks to recover punitive damages from Mr. Powell.  You may consider punitive damages only if you first find that Ms. Walton should recover compensatory or nominal damages.

If you find that the conduct of Mr. Powell was malicious, willful, reckless, wanton, fraudulent or in bad faith, then you may award punitive damages against him.

Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful.

Willful conduct is the intentional doing of an act with knowledge that harm may result.

Reckless conduct is the intentional doing of an act with utter indifference to the consequences.  When there is a high risk of danger, conduct that breaches the duty of care is more likely to demonstrate recklessness.

Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's rights.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses. The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature and enormity of the wrong and such aggravating and mitigating circumstances as may be shown.  The property or wealth of the defendant is a legitimate factor for your consideration. The amount awarded, if any, must be reasonably related to the injury and to any damages given as compensation and not disproportionate to the circumstances.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 22, Title: Punitive Damages, at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 22**, at 27-28, filed November 7, 2016 (Doc. 141)(modified)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 27, Title: UJI No. 13-1827 Punitive damages; direct and vicarious liability (modified). *Evans v. Fogarty,* 241 F.App'x. 542, 564 (10th Cir. 2007); *Miller v. City of Mission, Kan.*, 705 F.2d 368, 377 (10th Cir. 1983), at 1 ,2, 5, **JURY INSTRUCTION NO. ___**, at 34, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 27 (Replacing Plaintiff's No. 22)

Authority:

UJI Civil No. 13-1827 Punitive damages; direct and vicarious liability (modified)

*Evans v. Fogarty,* 241 F.App'x. 542, 564 (10th Cir. 2007)

*Miller v. City of Mission, Kan.*, 705 F.2d 368, 377 (10th Cir. 1983)

### INSTRUCTION NO. 23

The jury acts as a body.  Therefore, on every question which you must answer, it is necessary that all jurors participate.  Before a question can be answered, all of you must agree upon the answer.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 26, Title: All jurors are to participate, at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 26**, at 32, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS** Ins. No. 30, Title: All Jurors Are to Participate, at 1, 2, 5, **JURY INSTRUCTION NO. ___**, at 37, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 30 (Stipulation to Plaintiff's No. 26)

Authority:

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (ALL JURORS ARE TO PARTICIPATE)

### INSTRUCTION NO. 24

After these instructions on the law governing the case, the lawyers may make closing arguments, or statements, on the evidence and the law.  These summaries can be of considerable assistance to you in arriving at your decision and you should consider them carefully.  You may give them such weight as you think proper.  However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of the trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given to you in these instructions.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 27, Title: Closing arguments (modified), at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 27**, at 33, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS** Ins. No. 31, Title: UJI No. 13-2007 (modified) Closing Arguments, at 1, 2, 5, **JURY INSTRUCTION NO. ___**, at 38, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 31 (Stipulation to Plaintiff's No. 27)

Authority:

UJI No. 13-2007 (modified)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (CLOSING ARGUMENTS)

## INSTRUCTION NO. 25

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.   In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts. Your sole duty is to seek the truth from the evidence in the case.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 28, Title: Verdict -- unanimous -- duty to deliberate; faithful performance (modified), at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 28**, at 34, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS** Ins. No. 32, Title: O'Malley, Grenig, Lee, Federal Jury Practice and Instructions § 106.1, Verdict -- Unanimous -- Duty To Deliberate, Faithful Performance (modified), **JURY INSTRUCTION NO. ___**, at 39, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 32 (Stipulation to Plaintiff's No. 28)

Authority:

O'Malley, Grenig, Lee, Federal Jury Practice and Instructions § 106.1, VERDICT -- UNANIMOUS -- DUTY TO DELIBERATE

Hon.   Bruce   D.   Black,   United   States   District   Judge's   Stand.   Civ.   (FAITHFUL PERFORMANCE)(modified)

### INSTRUCTION NO. 26

Upon retiring to the jury room, the first thing you should do is select one of your number as a foreperson who will help to guide your deliberations and will speak for you here in the courtroom. In this case, a Special Verdict Form has been prepared for your convenience.

You will take the Court's instructions and the verdict form to the jury room. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form that sets forth the verdict upon which you unanimously agree, and then return with your verdict to the courtroom. If it becomes necessary during your deliberations to communicate with me, pass a note signed by your foreperson to the court security officer, who will bring it to my attention. No member of the jury should attempt to communicate with me by any means other than a signed writing, and I will not communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court. I will respond as promptly as possible, either in writing or by bringing you back in the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not reveal how the jury stands, numerically or otherwise, on the questions before you until after you have reached a unanimous verdict.

Faithful performance by you of your duties is vital to the administration of justice.

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Ins. No. 29, Title: Election of foreperson -- general verdict; communications between court and jury during jury's deliberations; faithful performance; foreperson (modified), at 1, 2, 3, **PLAINTIFF'S REQUESTED INSTRUCTION NO. 29**, at 35-36, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Ins. No. 33; Title: O'Malley, Grenig, Lee, Federal Jury Practice and Instructions § 106.04, 106.8, Election of Foreperson -- General Verdict; Communications Between Court and Jury During Jury's Deliberations; Faithful Performance (modified) Foreperson (modified), at 1, 2, 5, **JURY INSTRUCTION NO. ___**, at 40, filed November 7, 2016 (Doc. 139)

Defendant's Requested Jury Instruction No. 33 (Stipulation to Plaintiff's No. 29)

Authority:

O'Malley, Grenig, Lee, Federal Jury Practice and Instructions §§ 106.04, 106.8, ELECTION OF FOREPERSON -- GENERAL VERDICT
COMMUNICATIONS   BETWEEN   COURT   AND   JURY   DURING   JURY'S DELIBERATIONS

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (FAITHFUL PERFORMANCE)(modified)

Hon. Bruce D. Black, United States District Judge's Stand. Civ. (FOREPERSON)(modified)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PEGGY WALTON,

        Plaintiff,

vs.                                             No. CIV 13-0343 JB/KBM

RAY POWELL,

        Defendant.

## JURY VERDICT FORM

**Question No. 1:**     Do you find that Plaintiff Peggy Walton has proved to your satisfaction, by a preponderance of the evidence, that Defendant Ray Powell eliminated Ms. Walton's employment at the New Mexico State Land Office through the implementation of a reduction in force plan, and that a substantial motivating factor in his decision was Ms. Walton's political association with Patrick Lyons or his administration?

       Answer: Yes: _____         No: _____

If the answer to Question No. 1 is "No," you are to answer Question No. 1A, but not to answer further questions.  Your foreperson must sign the special verdict, which will be your verdict for Mr. Powell and against Ms. Walton, and you will return to open court.

If the answer to Question No. 1 is "Yes," you are to answer Question 1A and Question No. 2.

**Question No. 1A:**     Do you find that Ms. Walton has proved to your satisfaction, by a preponderance of the evidence, that Ms. Walton's political association with Mr. Lyons or his administration, if any, involved a matter of public concern?

       Answer: Yes: _____         No: _____

**Question No. 2:**     Do you find that Mr. Powell has proved to your satisfaction, by a preponderance of the evidence, that, even though Ms. Walton has established each element of her claim, he would have eliminated Ms. Walton's position for other reasons even if she had not exercised her protected speech activity?

Answer: Yes: _____          No: _____

If the answer to Question No. 2 is "Yes," you are not to answer further questions.  Your foreperson must sign the special verdict, which will be your verdict for Mr. Powell and against Ms. Walton, and you will return to open court.

If the answer to Question No. 2 is "No," you are to answer Question No. 3.

**Question No. 3:**     Do you find, by a preponderance of the evidence, that, Mr. Powell's violation of Ms. Walton's rights is a proximate cause of Ms. Walton's injuries and damages?

Answer: Yes: _____          No: _____

If the answer to Question No. 1 is "Yes," the answer to Question No. 2 is "No," and the answer to Question No. 3 is "No," you must answer Question No. 4.  If the answer to Question No. 3 is "Yes," you are to answer Question No. 5 on the special verdict form.

**Question No. 4:**     In accordance with the instructions given on nominal damages, state the nominal damages that should be awarded against Mr. Powell.

Amount: $_____

If you answered "Yes" to Question No. 1 and have awarded a nominal amount of damages to Ms. Walton and against Mr. Powell, proceed to Question No. 6.

**Question No. 5:**        In accordance with the compensatory damage instructions given by the Court, we find the total amount of compensatory damages due Ms. Walton to be $_____.

(Here enter the total amount of damages)

If the answers to Question No. 1 and to Question No. 3 are "Yes," and the answer to Question No. 2 is "No," and you have awarded an amount of compensatory damages in answer to question No. 5, you are to answer Question No. 6.

**Question No. 6:**        In accordance with the instructions given on punitive damages, did the act of Mr. Powell amount to willful, wanton, or reckless conduct, and do you find that punitive damages shall be awarded against Mr. Powell?

Answer: Yes: _____                No: _____

If your answer is "Yes" to Question No. 6, enter in an answer to Question No. 7 the amount of punitive damages, if any, to be awarded against Mr. Powell.

If your answer is "No" as to Question No. 6, you are not to answer Question No. 7. Your foreperson must sign the Special Verdict and you will all return to open court.

**Question No. 7:**        In accordance with the exemplary or punitive damages instructions given by the Court, we find the total amount of punitive damages to be awarded against Mr. Powell as to Ms. Walton to be as follows:

Amount: $_____

When you unanimously agree upon each of your answers, your foreperson must sign the special verdict form, and you will all return to open court.

Dates this _____ day of November, 2016.


_____
FOREPERSON OF JURY


**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE** Title: Jury Verdict Form UJI No. 13-2320 (modified), at 1, 2, 3, **JURY VERDICT FORM,** at 37-38, filed November 7, 2016 (Doc. 141)

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS (w/Citations), PRAECIPE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS**, Title: Jury Verdict Form UJI No. 13-2320 (modified), at 1, 2, 5, **DEFENDANT'S PROPOSED JURY VERDICT FORM,** at 42-43, filed November 7, 2016 (Doc. 139)

Authority:

UJI No. 13-2320 MODIFIED and SEE MEDLOCK V. ORTHO BIOTECH, INC., 164 F.3D 545, 553 (10TH CIR. 1999)

O'Malley, Grenig, Lee, Federal Jury Practice and Instruction, No. 171.101